UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| CAROLYN R. CHANEY, as CHAPTER 7 TRUSTEE, for JOHN AND ELIZABETH GILBERT, Plaintiff, v. EASTERN SAVINGS BANK, FSB, BETHPAGE ASSOCIATES, INC., PAUL S. JENSEN, and ROBERT J. SMITH, III, Defendants. | CIVIL ACTION No. 10-11491 |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT defendants Eastern Savings Bank fsb and Bethpage Associates, Inc. ("Defendants") hereby remove Civil Action No. 2010-48 filed in the Superior Court of the Commonwealth of Massachusetts, Nantucket County (the "State Court Action") to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1441, 1446, and 1452(a), as amended and, in accordance with 28 U.S.C. § 1331 and § 1334, on the following grounds:

1.  On or about July 30, 2010, plaintiff Carolyn R. Chaney ("Plaintiff"), as Chapter 7 Trustee for John and Elizabeth Gilbert (the "Gilberts"), filed an action against Eastern Savings Bank, FSB ("Eastern"), Bethpage Associates, Inc. ("Bethpage"), Paul S. Jensen ("Jensen"), and Robert J. Smith, III ("Smith") (collectively, "Defendants") in the Superior Court of the Commonwealth of Massachusetts, Nantucket County, Civil Action No. 2010-48.

2.  In the State Court Action, Plaintiff alleges numerous statutory and common law causes of action under Massachusetts state law arising out of a loan (the "Loan") made by Eastern to

the Gilberts, which Loan was secured by a mortgage (the "Mortgage") on certain property owned by the Gilberts located at 12 Austin Farm Drive, Nantucket, Massachusetts (the "Property"). The Complaint seeks damages, as well as equitable remedies including the following: an order declaring Eastern's Loan and Mortgage to be void; a declaration that a foreclosure deed conveying the Property to Bethpage in connection with a foreclosure sale is void; and an order that the Property be transferred back to the Gilberts.

3. Eastern is a federal savings bank regulated by the Office of Thrift Supervision ("OTS") of the United States Department of the Treasury.

4. On or about October 28, 2008, the Gilberts filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Middle District of Florida, Case No. 09-16933 (the Bankruptcy Case"). Plaintiff is the duly-appointed Chapter 7 trustee for the Gilberts.

5. Plaintiff provided Eastern with a copy of the Complaint filed in the State Court Action by electronic mail on or about August 2, 2010. The summons and complaint were served on Eastern on or about August 6, 2010.

6. Accordingly, this Notice of Removal is filed on a timely basis, pursuant to 28 U.S.C. §1446(b).

7. Subject matter jurisdiction exists in this civil matter pursuant to 28 U.S.C. § 1334, which provides jurisdiction over all claims related to, arising in, or arising under the bankruptcy code, title 11.

8. In the State Court Action, Plaintiff seeks a determination as to the validity, extent and priority of Eastern's mortgage and an order that the Property be turned over to the Gilberts. As such, the claims constitute a core proceeding under the bankruptcy code. See 28 U.S.C. §

157(b)(2)(E) and (K).

9. Upon information and belief, defendant Jensen was served a copy of the Complaint on August 4, 2010, and defendant Smith has not yet been served.

10. As removal is being made pursuant to 28 U.S.C. § 1452(a), consent of all served defendants is not required. See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir. 2004); Creasy v. Coleman Furniture Corp., 763 F.2d 656 (4th Cir. 1985); New England Wood Pellet, LLC v. New England Pellet, LLC, 419 B.R. 133 (D.N.H. 2009). In any event, defendant Jensen has consented to removal. A copy of the consent is attached hereto.

11. Subject matter jurisdiction also exists in this civil matter pursuant to 28 U.S.C. § 1331, as Plaintiff's state law claims are completely preempted by federal law and therefore present a federal question. See 12 C.F.R. § 560.2.

12. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with written notice of the filing of this Notice of Removal as evidenced by the attached certificate of service.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed today with the Clerk of the Superior Court, Nantucket County.

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon defendants Eastern and Bethpage are attached hereto. Pursuant to Loc. R. 81.1, Eastern and Bethpage will file, within thirty (30) days after filing this Notice of Removal, certified or attested copies of all records and proceedings in the State Court Action and a certified or attested copy of all docket entries in the State Court Action.

WHEREFORE, defendants Eastern Savings Bank and Bethpage Associates, Inc. respectfully request that this Court take this action from the Superior Court of the

Commonwealth of Massachusetts, Nantucket County, to the United States District Court for the District of Massachusetts.

        Defendants
Eastern Savings Bank, FSB, and Bethpage Associates, Inc.,
By their attorneys,

/s/ Howard M. Brown
Howard M. Brown, BBO No. 547948
Krista L. Hawley, BBO No. 663926
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
Tel. (617) 422-0200
hmb@bostonbusinesslaw.com
klh@bostonbusinesslaw.com

Dated: August 31, 2010

## **CERTIFICATE OF SERVICE**

I, Krista L. Hawley, hereby certify that a true copy of the above document was served upon counsel for all parties and on all pro se parties by mail on August 31, 2010.

/s/ Krista L. Hawley