UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAROLYN R. CHANEY, as ) <br> CHAPTER 7 TRUSTEE, for ) <br> JOHN AND ELIZABETH GILBERT, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> EASTERN SAVINGS BANK, FSB, ) <br> BETHPAGE ASSOCIATES, INC., ) <br> PAUL S. JENSEN, and ROBERT J. SMITH, III, ) <br>  ) <br> Defendants. ) <br> ) | Docket No. 10-CV-11491-JLT |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PAUL S.
JENSEN'S MOTION TO DISMISS COUNT XV OF PLAINTIFF'S COMPLAINT**

Defendant Paul S. Jensen ("Jensen") submits this memorandum of law in support of his Motion to Dismiss Count XV of Plaintiff's Complaint. The fifteen-count Complaint[1] asserts two claims against Jensen, Count XIII (against Jensen alone) for legal malpractice and Count XV (against Jensen and all other defendants) for negligent infliction of emotional distress. Jensen now moves to dismiss Count XV, as against him, because it fails to state a claim upon which relief may be granted under the refined Rule 12(b)(6) standard recently articulated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).[2] Specifically, plaintiffs have failed to allege the type of "exceptional circumstances" sufficient to support a claim to recover for emotional distress. Thus, Count XV must be dismissed, because

---

[1] For the Court's convenience, an Appendix is filed with this memorandum. Copies of all Massachusetts and Federal cases relied on herein are in alphabetical order at Tabs A-I.

[2] As set forth below, Jensen denies that he was negligent. Jensen concedes, however, that the plaintiff has alleged facts sufficient to survive a dismissal motion on the legal malpractice claim.

plaintiffs have not alleged "enough facts to state a claim to relief that is plausible on its face." Id.

## I.  Plaintiff's Factual Allegations

Jensen is an attorney licensed in the Commonwealth of Massachusetts. Although he denies each and every allegation of negligent or other actionable conduct,[3] Jensen acknowledges that for the purpose of this motion, all well-pleaded allegations of the Complaint are deemed to be true. Twombly, 550 U.S. at 589. However, Jensen reserves the right to dispute the facts in the Complaint for all other purposes.

Plaintiff Carolyn R. Chaney (the "Trustee") is the duly appointed Chapter 7 Trustee in the bankruptcy case entitled "In Re John and Elizabeth Gilbert" currently pending in the United States Bankruptcy Court for the Middle District of Florida (Docket No. 09-16933). In late July 2010, the Trustee filed suit on behalf of John and Elizabeth Gilbert (the "Gilberts") in Massachusetts Superior Court (Docket No. 2010-48). (Compl. p. 1.) Thereafter, defendants Eastern Savings Bank, FSB ("Eastern") and Bethpage Associates, Inc. ("Bethpage") timely removed this matter to this Court. The Gilberts are husband and wife who at all times relevant to this action owned a home located at 12 Austin Farm Drive, Nantucket, Massachusetts (hereinafter "Nantucket Property"). (Id. at ¶ 2, 13.)

In September 1996, the Gilberts refinanced a separate property they previously owned in Nantucket, in order to fund the purchase of the subject Nantucket Property. (Id. at ¶ 22.) At or around that time, John Gilbert's health seriously deteriorated leaving him unable to work, and Elizabeth Gilbert sold her craft store business. (Id. at ¶¶ 18, 23.) Due to these developments, the

---

[3]   The plaintiff's allegations that Jensen represented defendant Eastern Savings Bank at the same time he was representing the Gilberts, that he failed to investigate or otherwise research and advise the Gilberts of the possible predatory and illegal nature of the mortgage loan transaction, and that the plaintiffs suffered damages therefrom, are demonstrably false and expressly denied.

2

Gilberts' financial circumstances began to suffer. (Id. at ¶ 24.) In order to make ends meet, the Gilberts refinanced properties they owned in Florida and Massachusetts and took out mortgage loans on eleven occasions between September 1997 and December 2007. (Id. at ¶¶ 25, 28, 30, 47, 52, 56, 62, 65, 70, 73, 117, 124.) The claims asserted against Jensen arise out of his representation of the Gilberts at the closing of one such mortgage loan. (Id. at ¶ 104.)

In or around July 2006, defendant Robert J. Smith, III ("Smith") negotiated a mortgage loan on behalf of the Gilberts with Eastern. (Id. at ¶ 88.) Eastern offered $1,300,000 as a "foreclosure buyout" refinance for the Nantucket Property. (Id. at ¶ 98.) The mortgage, which featured an adjustable interest rate, included a 13.99% interest rate at the commencement of the loan. (Id. at ¶ 101.)

In connection with this mortgage loan, Eastern contacted Jensen, a local attorney in Nantucket, and requested that he represent the Gilberts at the closing. (Id. at ¶ 104.) Based on a correspondence drafted by Jensen more than three years after the event at issue, the Gilberts contend that Jensen represented both Eastern and themselves at the closing. (Id. at ¶¶ 105-107.) The Gilberts allege that this simultaneous representation created a conflict of interest, to which they did not formally consent. (Id. at ¶¶ 109, 113-114.) The Gilberts further allege that Jensen failed to investigate or otherwise research and advise them of the possible predatory and illegal nature of the mortgage loan transaction, and failed to provide copies of the requisite disclosure forms to them. (Id. at ¶¶ 115-116.) On August 3, 2006, the Gilberts executed the subject mortgage loan documents with Eastern. (Id. at ¶ 117.)

The Gilberts were unable to make payments on this loan, and within seven months of the closing, Eastern filed a Complaint to Foreclose on the mortgage in Massachusetts Land Court. (Id. at ¶ 122.) Thereafter, the Gilberts filed for bankruptcy protection with the U.S. Bankruptcy

Court for the Middle District of Florida.  (Id. at ¶ 131.)  On or about February 11, 2009, Eastern held a foreclosure auction, at which the Nantucket Property was sold to defendant Bethpage for $1,430,000.00.  (Id. at ¶ 135, 139-140.)

The Complaint alleges that, as a result of Jensen's "poor, negligent, defective, incompetent and wholly uninformed advice and counsel," id. at ¶ 227(b), the Gilberts have exhibited objective symptoms of emotional distress, id. at ¶ 227(b).  However, the Complaint does not allege any loss of liberty or any other categories of loss or damage associated with their claim for negligent infliction of emotional distress.

## II. Argument

### A. Standard of Review.

The Gilberts' claim for negligent infliction of emotional distress against Jensen must be dismissed because it fails to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). While the Gilberts' factual allegations are to be taken as true at the Rule 12(b) stage, "[their] obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation, quotations marks, and alterations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 1950; see also Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement") (quoting Iqbal, 129 S.Ct. at 1949-50) (internal quotations marks and brackets omitted)).  These factual allegations "must be enough to raise the right to relief above the speculative level…."  Twombly, 550 U.S. at 545.

In other words, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 557).  Because Count XV fails to state a claim against Jensen under the heightened standard recently advanced in Twombly, it must be dismissed.

B.   Plaintiffs Have Failed to State A Claim Against Jensen for Negligent Infliction of Emotional Distress.

The Gilberts' claim against Jensen in Count XV for negligent infliction of emotional distress arises from his legal representation in connection with the closing of the Eastern loan. (Compl. ¶¶ 226, 227(b), 228.)  To state a viable claim for negligent infliction of emotional distress, the Gilberts must allege and be able to prove: (1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.  Payton v. Abbott Labs, 386 Mass. 540, 556 (1982).  "Central to this last requirement is the concept of reasonable foreseeability…Reasonable foreseeability is a proper starting point in determining whether an actor is to be liable for the consequences of his negligence."  Migliori v. Airborne Freight Corp., 952 F. Supp. 38, 39 (D. Mass. 1997) (internal citations and quotation marks omitted), certified question answered, 426 Mass. 629 (1998).

In legal malpractice actions, emotional distress damages are only awarded in exceptional circumstances, because such damages are rarely foreseeable.  See, e.g., Iacono v. Boncore, 16 Mass. L. Rptr. 681, *2 (2003).  In Iacono, the Massachusetts Superior Court explained the rule as follows.

> Refusing to recognize a viable claim for emotional distress damages in a legal malpractice action makes sense in light of the general requirement that a plaintiff in a negligence action can recover only those damages which are reasonably foreseeable.  Generally, the only foreseeable impact on the plaintiff from an attorney's wrongdoing is an economic loss.  Only in exceptional circumstances

> (like a client's loss of liberty) will emotional distress damages have a sufficient causal connection to attorney malpractice so as to be an element of a plaintiff's recovery.

Id. at *2 (internal citations omitted); see also Wehringer v. Powers & Hall, P.C., 874 F. Supp. 425, 429 (D. Mass. 1995) (on motion to dismiss, Court held that the "rule – permitting recovery for emotional distress damages arising from legal malpractice only in exceptional circumstances – would be followed by the courts of the Commonwealth of Massachusetts because it is based on the same considerations of foreseeability and 'proximate cause' that inform Massachusetts law in the area of legal malpractice."). Where the plaintiff fails "to allege exceptional facts in a legal malpractice case that would make emotional distress reasonably foreseeable, the plaintiff has failed to state a claim upon which relief may be granted." Wehringer, 874 F. Supp. at 429-30.

To determine what constitutes "exceptional facts," this Court can and should look to the leading First Circuit case for guidance. In Wagenmann v. Adams, 829 F.2d 196 (1st Cir. 1987), the plaintiff recovered emotional distress damages after the attorney's malpractice resulted in the plaintiff's civil commitment to a mental hospital. Id. at 199. The First Circuit explained that these damages are recoverable under Massachusetts law in the extreme situation of a lawyer who committed "gross or obvious" malpractice by doing "almost nothing to protect his client" and whose callous neglect had "the direct and proximate result" of causing the client to be "forcibly deprived of his liberty and dispatched to a mental hospital." Id. at 221-222. The emotional distress suffered by the plaintiff in Wagenmann "was reasonably foreseeable under the circumstances." Id. at 222.

Here, the Gilberts' premise in Count XV is that Jensen was negligent in his representation of them relative to the closing of the Eastern loan on the Nantucket property, and that this negligence caused them to suffer emotional distress damages. (Compl. ¶¶ 226, 227(b),

6

228.)  Having failed to allege any exceptional facts, such as a loss of liberty, required to sustain a theory that would enable the Gilberts to recover emotional distress damages from Jensen, and as the only reasonably foreseeable impact from the alleged legal malpractice was economic loss, the Gilberts' factual allegations are insufficient as a matter of law to state a claim for negligent infliction of emotional distress under the heightened pleading standard in Twombly.  Count XV of the Complaint therefore should be dismissed as against Jensen.

**III.    Conclusion**

For the foregoing reasons, the Gilberts have failed to state a viable claim for negligent infliction of emotional distress.  Accordingly, this Court should dismiss Count XV of the Complaint with prejudice, as against defendant Paul S. Jensen.

PAUL S. JENSEN,

By his attorney,

 /s/ Thomas J. Gallitano
Thomas J. Gallitano (BBO # 550745)
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200
tgallitano@ckrpf.com

Dated:  October 8, 2010

Certificate of Service

I, Thomas J. Gallitano, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via U.S. Mail to those indicated as non-registered participants on the 8th day of October, 2010.

/s/ Thomas J. Gallitano

501098.1