UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN R. CHANEY, as CHAPTER 7 TRUSTEE, for JOHN AND ELIZABETH GILBERT,<br>    Plaintiff,<br><br>v.<br><br>EASTERN SAVINGS BANK, FSB, BETHPAGE ASSOCIATES, INC., PAUL S. JENSEN, and ROBERT J. SMITH, III,<br>    Defendants. | CIVIL ACTION NO. 10-11491-JLT |

### Reply Brief of Eastern Savings Bank fsb and Bethpage Associates, Inc. in Support of Motion to Dismiss
### (leave to file granted on January 26, 2011)

**1. It is undisputed that Eastern Savings Bank is a federal savings bank and that Bethpage Associates is Eastern's subsidiary.**

Plaintiff claims that there is no evidence that Defendant Eastern Savings Bank, fsb ("Eastern") is a federally-chartered bank or that Defendant Bethpage Associates, Inc. ("Bethpage") is a subsidiary of Eastern. Plaintiff's brief at 2-3. However, the complaint itself (¶3) alleges that Eastern is a bank organized under the laws of the United States of America and (¶4) that Bethpage is a wholly-owned subsidiary of Eastern. Moreover, the mortgage at issue, which is attached as Exhibit "B" to the memorandum in support of motion to dismiss, identifies Eastern as a "federal savings bank" which is "organized under the laws of the United States of America." Ex. "B" to Eastern's memorandum at 1. [1]

**2. Plaintiff misapprehends the nature of a motion to dismiss.**

---

[1] It should be noted that Eastern converted from a state chartered savings association to a federally chartered and insured savings bank and accordingly, in 1986 changed its name to Eastern Savings Bank, fsb. http://www.easternsavingsbank.com/About%20Us/Yesterday%20And%20Today.htm.

1

Plaintiff argues that Eastern does not dispute that the loan at issue violates Massachusetts statutory and common law. But the filing of a motion to dismiss does not constitute a binding admission of the allegations of the complaint. To the contrary, a court considering a motion to dismiss must take as true the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff. *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007). If the motion to dismiss is denied in whole or in part, the Defendants will respond to the factual and legal allegations of the complaint.

### 3. Massachusetts long ago reversed its decision to opt out of DIDMCA and in any event the decision has no bearing on HOLA preemption.

Plaintiff argues that preemption under the Home Owners Loan Act, 12 U.S.C. 1461 et seq. ("HOLA") and 12 CFR 560.2 does not apply here because Massachusetts allegedly opted out of a completely unrelated federal statute, the Depository Institutions Deregulation and Monetary Control Act, 12 U.S.C., 12 U.S.C. § 1735f-7a et seq. (DIDMCA).[2] Plaintiff's brief at 3-6. According to the Plaintiff, this explains why there are allegedly no Massachusetts cases dealing with HOLA preemption. In fact, there are such cases. See *Yeomalakis v. F.D.I.C.*, 562 F.3d 56, 59, 61 (1st Cir. 2009)(affirming district court decision that HOLA preempted claims under Massachusetts law, including Chapter 93A, against federally-chartered savings association); *Bliss v. Intervale Mortgage Corp.,* 25 Mass.L.Rptr. 216, 2006 WL 6211986, *3 (Superior Court 2006) (claims based on excessive prepayment penalties allegedly in violation of G.L.c. 183, § 56  and G.L.c. 93A were preempted by  12 CFR §560.2).

Apart from the fact that there is no logical reason why opting out of one federal statute would mean that a completely different federal statute does not apply, this argument fails for a

---

[2] DIDMCA is a 1980 law, enacted at a time when interest rates were unusually high, which provides that state laws limiting interest rates (usury statutes) do not apply to mortgage loans. DIDMCA allowed states to opt out.

2

number of reasons.  First, although it is true that in 1981 Massachusetts opted out of DIDMCA (see Mass. statutes of 1981, c.231, §2), it is equally true that in 1986 Massachusetts reversed this legislative decision and effectively repealed the 1981 statute (see Mass. statutes of 1986, c.177). *Greenwood Trust Co. v. Commonwealth*, 971 F.2d 818, 823 (1st Cir. 1992)(Massachusetts opted out of DIDMCA in 1981 but later reversed direction and opted back in).

The only case cited by Plaintiff for this point is *Commonwealth of Massachusetts v. H & R Block, Inc.*, 2008 WL 5970550 (Superior Court 2008), aff'd *Commonwealth v. Option One Mortgage Company*, 75 Mass. App. 1110, 916 N.E.2d 422 (2009). According to the Plaintiff, this case involves "a federally chartered bank's attempt to avoid liability under Massachusetts law" and stands for the proposition that "high cost home loans in Massachusetts are therefore not subject to federal preemption." Plaintiff's brief at 4, 5. However, there is nothing in the *H & R Block* decision indicating that it involved a federally-chartered bank, much less a federal savings bank. Likewise, the case does not deal with or apply HOLA.

As a result, the *H & R Block* case does not address, much less decide, the legal issue presented here, which is whether a loan made by a federally-chartered savings bank is subject to the requirements of Massachusetts law, or whether those requirements are preempted by HOLA and 12 CFR 560.2.

**4. The Massachusetts exemption from TILA has no bearing on HOLA preemption.**

The Plaintiff next argues that preemption under HOLA and 12 CFR 560.2 does not apply in Massachusetts because Massachusetts has "opted out" of portions of the federal Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"). Plaintiff's brief at 6-8. It is true that many aspects of most lending transactions in Massachusetts are governed by G.L. c.140D, the Massachusetts Consumer Credit Cost Disclosure Act (MCCCDA), because the Federal Reserve

Board has granted Massachusetts an exemption from TILA's disclosure requirements[3]. *See McKenna v. First Horizon Home Loan Corp.*, 537 F.Supp.2d 284, 287-288 (D.Mass.,2008).[4]

However, the fact that MCCCDA rather than TILA applies to most Massachusetts loan transactions has absolutely no bearing on preemption under HOLA. As was true with the DIDMCA issue discussed above, there is no logical reason why Massachusetts' status as being largely exempt from one federal statute (TILA) would have any impact on whether HOLA preempts MCCCDA or other Massachusetts lending statutes. Certainly the Plaintiff cites no case holding that there is any such connection between exemption from TILA and HOLA preemption.

On a similar note, the Ninth Circuit has ruled that the TILA's savings clause, which provides that TILA does not preempt state law unless the state law is inconsistent with TILA, does not preclude or limit the preemptive effect of HOLA. *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008). Similarly, the Ninth Circuit has also held that the antipreemption provision contained in the Electronic Fund Transfer Act has no impact on whether HOLA preempts state law. *Bank of America v. City and County of San Francisco,* 309 F.3d 551, 565-66 (9th Cir.2002).

It should be noted that Connecticut, like Massachusetts, is exempt from TILA because it has its own "substantially similar" state truth-in-lending statute. *Rodrigues v. Members Mortg. Co., Inc.*, 226 F.R.D. 147, 150 (D.Mass. 2005). Yet there are Connecticut decisions ruling that HOLA preemption applies in that state and preempts various state lending laws. *State Farm*

---

[3] The fact that Massachusetts is exempt from certain portions of TILA does not mean that the MCCCDA applies to loan transactions by federally chartered banks in Massachusetts. This is because the TILA exemption discussed above "does not apply to transactions in which a federally chartered institution is a creditor." 48 Fed.Reg. 14882, 14890 (April 6, 1983).

[4] In general, this makes no difference, because "[e]xcept for a modest variance in regard to the limitation period … the MCCCDA mirrors its federal counterpart." *McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 422 (1st Cir. 2007).

4

*Bank, F.S.B. v. Burke*, 445 F.Supp.2d 207, 219 (D.Conn. 2006); *Boursiquot v. Citibank F.S.B.*, 323 F.Supp.2d 350, 356 (D.Conn. 2004).

**5. Chapter 93A is preempted, along with the underlying statutory claims.**

In their opening brief at pages 11 to 13, the Defendants argue that because Plaintiff's claim for violation of Chapter 93A (Count V) is premised on Eastern's alleged violations of Massachusetts lending statutes, Complaint ¶197(b)-(d), the Chapter 93A claims which are premised on violations of those statutes are preempted, just as are the direct claims of statutory violations. See *Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 556-557 (9th Cir. 2010). In the opposition, Plaintiff suggests that the Chapter 93A claim consists of more than just the alleged violations of G.L. c.183, c.183C and c.140D. Opposition at 10-11. However this is contrary to the specific allegations of the Complaint. Moreover, the opposition fails to specify the conduct, other than the alleged statutory violations, which allegedly supports the Chapter 93A claim. That being the case, the claims are preempted.

Plaintiff also points out that the opening brief of the Defendants did not cite any cases holding that Chapter 93A is preempted by federal law. It is true that the Defendants' opening brief focused on the numerous cases from other jurisdictions ruling that state unfair and deceptive trade practice statutes are preempted by HOLA. Defendants' brief at 11-13. In addition, the following cases hold that Chapter 93A claims are preempted by HOLA. *Yeomalakis v. F.D.I.C.*, 562 F.3d 56, 59, 61 (1st Cir. 2009)(affirming district court decision that HOLA preempts claims under Massachusetts law, including Chapter 93A); *Bliss v. Intervale Mortgage Corp.*, 25 Mass.L.Rptr. 216, 2006 WL 6211986, *3 (Superior Court 2006) (claims based on excessive prepayment penalties allegedly in violation of G.L.c. 183, § 56 and G.L.c. 93A were preempted by 12 CFR §560.2).

### 6. Preemption does not require the issuance of a decision by the Office of Thrift Supervision.

Citing 12 U.S.C. §560.2(c), the Plaintiff claims that a preemption defense may only be asserted if the Office of Thrift Supervision has made a determination that a particular Massachusetts statute is preempted. Plaintiff's brief at 12-13.There is no such requirement and Plaintiff cites no case imposing such a requirement. Moreover, the Plaintiff badly distorts the plain meaning of 12 U.S.C. §560.2(c), which provides in relevant part that: "State laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section: … (6) Any other law that OTS, upon review, finds: (i) Furthers a vital state interest; and (ii) Either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section."

The Plaintiff appears to suggest that this requires a party claiming preemption to obtain a ruling from OTS that a statute either does not further a vital state interest, or has more than an incidental effect on lending operations, or is contrary to the purposes expressed in Section 560.2(a). This argument completely ignores the plain language of the regulations, which appear to require review and a finding by OTS in order to <u>avoid</u> preemption, not vice versa.

Plaintiff also argues that the language of the regulation requires Eastern to prove that the state law claims have more than an incidental effect on Eastern's lending operations, rather than lending operations in general. The regulation imposes no such requirement, and the Plaintiff cites no case requiring a bank which asserts a preemption defense to prove that a state law affects the particular bank's operations. In fact, the regulation itself provides that "[s]tate laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of <u>Federal savings associations</u>…." 12 U.S.C. §560.2(c)[emphasis added]. The focus

is on the impact of state law on "lending operations of Federal savings associations" in general, not those of Eastern in particular.

It should also be noted that if a state law falls within the categories listed in paragraph (b) of the regulation, 12 U.S.C. §560.2(b), "the analysis will end there; the law is preempted." 61 Fed. Reg. at 50966-67; *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1006-7 (9th Cir.2008)(court does not reach question of whether law fits within the confines of paragraph (c) because claims are based on types of laws listed in paragraph (b) of § 560.2). In this case, the Plaintiff's claims fall within categories (4), (5), (9) and (10) of 12 U.S.C. §560.2(b).

**7. Count VI fails to state a claim for wrongful foreclosure.**

In her brief, the Plaintiff argues only that the claims of wrongful foreclosure (Count VI) are not preempted. Plaintiff completely fails to address the detailed argument set forth at pages 16 to 20 of the opening brief, which shows that even assuming all of the factual allegations to be true, the Complaint fails to state a claim for wrongful foreclosure under Massachusetts law. By failing to address this argument the Plaintiff has waived the right to dispute this portion of the motion.

In an effort to ignore the defects in Count VI, the Plaintiff stresses that she "is claiming that the mortgage itself is void based on Eastern's violations of Massachusetts state law identified in Plaintiff's Count[s] I-IV meaning that a foreclosure sale could never have lawfully taken place in any case whether under the Massachusetts foreclosure statute at M.G.L. c.244 or otherwise." Plaintiff's brief at 15. This argument only supports the preemption defense of the Defendants. Because the claims set forth in Counts I-IV are preempted, any effort to void the foreclosure sale based on these claims is also preempted.

**8. Counts VII and XV are preempted.**

Plaintiff argues that her common law claims of civil conspiracy (Count VII) and negligent infliction of emotional distress (Count XV) are not preempted because "Massachusetts has 'opted out' of various federal laws relative to high cost home loans." Plaintiff's brief at 18. The flawed nature of this argument has been demonstrated above and will not be repeated in detail here. Suffice it to say that the fact that Massachusetts is exempt from much of TILA, and the fact that during the period 1981-86 Massachusetts opted out of DIDMCA, have no bearing on whether the Plaintiff's state law claims including Counts VII and XV are preempted by HOLA.

### Conclusion

For all of the foregoing reasons, as well as the points and authorities contained in their previously filed memorandum of law, Defendants respectfully request that their motion to dismiss be allowed.

Defendants
Eastern Savings Bank, FSB, and Bethpage Associates, Inc.,
By their attorneys,

/s/ Howard M. Brown
Howard M. Brown, BBO #547948
Krista L. Hawley, BBO #663926
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
Tel. (617) 422-0200
hmb@bostonbusinesslaw.com
klh@bostonbusinesslaw.com

Dated: January 26, 2011

## CERTIFICATE OF SERVICE

I hereby certify that the above document was filed electronically on January 26, 2011 utilizing the court's ECF system. A notice of the filing of the document was sent by the court's ECF system to all counsel of record who are registered users of the court's ECF system, who may then access the document through the court's ECF system. In addition, I certify that a copy of the foregoing document was served by mail on any attorney of record or pro se party who is not registered to receive electronic filing, as indicated on the Notice of Electronic Filing issued by the court's ECF system.

/s/ Howard M. Brown
Howard M. Brown